# TINSLEY *v.* ANDERSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF TEXAS.

## SAME *v.* SAME.

ERROR TO THE COURT OF CRIMINAL APPEALS FOR THE STATE
OF TEXAS.

Nos. 632, 633. Argued May 5, 6, 1898. — Decided May 31, 1898.

The appellate jurisdiction of this court from a state court extends to a final judgment or decree in any suit, civil or criminal, in the highest court of a State where a decision in the suit could be had, against a title, right, privilege or immunity, specially set up and claimed under the Constitution or a treaty or statute of the United States.

If the order of the Court of Criminal Appeals of the State of Texas, being the highest court of the State having jurisdiction of the case, dismissing the writ of *habeas corpus* issued by one of its judges, and remanding the prisoner to custody, denied to him any right specially set up and claimed by him under the Constitution, laws or treaties of the United States, it is reviewable by this court on writ of error.

The right to equal protection of the laws is not denied by a state court when it is apparent that the same law or course of procedure would be applied to any other person in the state under similar circumstances and conditions.

When the committing court has jurisdiction of the subject-matter and of the person, and power to make the order for disobedience to which a judgment in contempt is rendered, and to render that judgment, then the appellate court cannot do otherwise than discharge a writ of *habeas corpus* brought to review that judgment, and secure the prisoner's discharge, as that writ cannot be availed of as a writ of error or appeal.

It was competent for the District Court to compel the surrender of the minute book and notes in Tinsley's possession, and he could not be discharged on *habeas corpus* until he·had performed, or offered to perform so much of the order as it was within the power of the District Court to impose, even though it may have been in some part invalid.

THE case is stated in the opinion.

*Mr. James L. Bishop* for appellant and plaintiff in error.

*Mr. Presley K. Ewing* for appellee and defendant in error. *Mr. Henry F. Ring* was on his brief.

Mr. Chief Justice Fuller delivered the opinion of the court.

The object of both these proceedings is to obtain the discharge of Thomas Tinsley from imprisonment under an order committing him for contempt, under the following circumstances:

On April 23, 1896, upon a petition for the appointment of a receiver of the Houston Cemetery Company, a corporation of Texas, filed against the corporation, and against Tinsley, who was its president, and the other officers of the corporation, both as such officers and individually, by some, in behalf of all, of the owners of lots in the cemetery, the District Court of the county of Harris in the State of Texas made an order appointing a receiver of all the property of the corporation, and requiring each of its officers, upon demand of the receiver, to deliver to him any books, papers, money or property, or vouchers for property, within their control, to which the corporation was entitled. Upon appeal by Tinsley and the other defendants from that order it was affirmed, on May 21, 1896, by the Court of Civil Appeals of the State. 36 Southwestern Rep. 802.

On February 2, 1897, the receiver made a motion to the District Court to commit Tinsley for contempt in refusing to deliver to the receiver a minute book, promissory notes of the amount of $1440.50, and a trust fund, amounting to $492.52, belonging to the corporation. A rule to show cause was issued, in answer to which Tinsley averred that the notes and the minute book had been delivered by the corporation to him as collateral security for money advanced by him to the corporation, and that he had made, at the expense to himself of $7.70, an investment of the trust fund in securities which he had offered, and was still ready, to deliver to the receiver upon payment of this sum.

On February 6, 1897, the District Court, after taking evidence and hearing the parties, adjudged that Tinsley was guilty of a contempt in disobeying its former order by not delivering to the receiver the minute book, notes and trust

fund, being the property of the corporation and in his control; and ordered him to pay to the sheriff a fine of $100, and to deliver to the receiver the property aforesaid, and to be committed until he should pay the fine and should (being allowed by the sheriff reasonable opportunity to do so if he should so desire) deliver the property to the receiver, or until he should be discharged by further order of the court. And upon the same day he was accordingly committed to the county jail.

On March 17, 1897, he presented to the judge of the District Court a petition for a writ of *habeas corpus*, setting forth the above proceedings, and alleging that the judgment and commitment for contempt were void, and his detention under them illegal for these reasons: That his claim to the notes, minute book and trust fund was made in good faith, and that he had the right thereto until deprived thereof by due course of law, and that the proceedings on said motion and said judgment are not due process of law, and that he ought not and cannot be by such proceedings imprisoned or compelled to turn over said property and things, for that thereby he is deprived of a trial by due course of law; that the judgment and commitment were uncertain and indefinite, and did not limit the time of his confinement under them; that the statute of the State provided that the District Court should not have the power to imprison any person for a longer period than three days for a contempt; and that the matters set up in said motion and judgment did not and could not constitute a contempt. This petition for a writ of *habeas corpus* was denied by the judge of the District Court; but on April 2, 1897, was granted by the presiding judge of the Court of Criminal Appeals of the State of Texas, and a writ of *habeas corpus* issued, addressed to the sheriff, who, on April 8, returned that he held the prisoner under the commitment for contempt.

After full arguments by both parties, the Court of Criminal Appeals entered judgment, dismissing the writ of *habeas corpus*, and remanding him to the custody of the sheriff, on the ground that the order of commitment for contempt was within the power of the District Court, at least so far as concerned the notes and minute book, because Tinsley was a

party to the suit in which the receiver was appointed, and claimed no title, other than by way of lien, in the notes and minute book, and such lien, if genuine, would be preserved to him against the property in the hands of the receiver. 40 Southwestern Reporter, 306.

On April 26, 1897, Tinsley filed a motion to set aside that judgment and for a rehearing, which, after further written arguments in his behalf, was overruled on May 12, 1897.

On May 15, 1897, upon a petition alleging that by the order of commitment, he "is deprived of his liberty, and will be, if he submits to the order, of his property, without due process of law, in violation of the Constitution of the United States," he obtained from the Circuit Court of the United States for the Eastern District of Texas a writ of *habeas corpus* to the sheriff, which, after a hearing, was by the judgment of that court dismissed and the prisoner remanded to custody; and on January 21, 1898, he appealed from that judgment to this court.

On January 31, 1898, he sued out a writ of error from this court to review the judgment of the Court of Criminal Appeals of the State of Texas, and filed in that court an assignment of errors, one of which was that by the proceedings in that court "he was deprived of his liberty, and, if he submitted to the order of the trial court, would be deprived of his property without due process of law, in violation of the Constitution of the United States and the Fifth and Fourteenth Amendments thereto."

The two cases now before us are the appeal from the judgment of the Circuit Court of the United States, and the writ of error to the Court of Criminal Appeals of the State of Texas.

The dismissal by the Circuit Court of the United States of its own writ of *habeas corpus* was in accordance with the rule, repeatedly laid down by this court, that the Circuit Courts of the United States, while they have power to grant writs of *habeas corpus* for the purpose of inquiring into the cause of restraint of liberty of any person in custody under the authority of a State in violation of the Constitution, a law or a

treaty of the United States, yet, except in cases of peculiar urgency, ought not to exercise that jurisdiction by a discharge of the person in advance of a final determination of his case in the courts of the State, and, even after such final determination, will leave him to his remedy to review it by writ of error from this court. *Ex parte Royall,* 117 U. S. 241; *Ex parte Fonda,* 117 U. S. 516; *In re Frederich,* 149 U. S. 70; *Pepke* v. *Cronan,* 155 U. S. 100; *Bergemann* v. *Backer,* 157 U. S. 655; *Whitten* v. *Tomlinson,* 160 U. S. 231; *Baker* v. *Grice,* 169 U. S. 284. This case shows no such circumstances as to require departure from this rule.

It was argued in behalf of Tinsley that the judgment committing him for contempt was not reviewable by this court; citing the statement in *Chetwood's case,* 165 U. S. 443, 462, that "judgments in proceedings in contempt are not reviewable here on appeal or error, *Hayes* v. *Fischer,* 102 U. S. 121; *In re Debs,* 158 U. S. 564, 573, and 159 U. S. 251." But that statement was made in regard to such judgments in independent proceedings for contempt in the Circuit Courts of the United States, and the reason is, as in cases referred to in *Hayes* v. *Fischer* above cited, that such judgments were considered as judgments in criminal cases, in which this court had no appellate jurisdiction from those courts. *Ex parte Kearney,* 7 Wheat. 38, 42; *New Orleans* v. *Steamship Company,* 20 Wall. 387, 392.

But the appellate jurisdiction of this court from the state court extends to a final judgment or decree in any suit, civil or criminal, in the highest court of a State where a decision in the suit could be had, against a title, right, privilege or immunity, specially set up and claimed under the Constitution or a treaty or statute of the United States. Rev. Stat. § 709. Consequently, if the order of the Court of Criminal Appeals of the State of Texas, being the highest court of the State having jurisdiction of the case, dismissing the writ of *habeas corpus* issued by one of its judges, and remanding the prisoner to custody, denied to him any right specially set up and claimed by him under the Constitution, laws or treaties of the United States, it is doubtless reviewable by this court on writ

of error. *Newport Light Company* v. *Newport*, 151 U. S. 527, 542; *Pepke* v. *Cronan*, 155 U. S..100, 101..

We perceive no reason for holding that any such rights were denied by the judgment of the Court of Criminal Appeals, in view of the facts appearing in the record and the grounds on which that court proceeded as disclosed by its opinion.

Counsel asserts that the rights claimed under the Constitution of the United States were the right to due process of law, and the right to the equal protection of the laws.

The right to the equal protection of the laws was certainly not denied, for it is apparent that the same law or course of procedure, which was applied to Tinsley, would have been applied to any other person in the State of Texas, under similar circumstances and conditions; and there is nothing in the record on which to base an inference to the contrary.

Was the right to due process of law denied? If the committing court had jurisdiction of the subject-matter, and of the person, and power to make the order for disobedience to which the judgment in contempt was rendered, and to render that judgment, then the Court of Criminal Appeals could not do otherwise than discharge the writ of *habeas corpus* and remand the petitioner. The writ cannot be availed of as a writ of error or an appeal, and if the commitment was not void, petitioner was not deprived of his liberty without due process of law.

The District Court of Harris County, Texas, was a court of general jurisdiction, and had jurisdiction in the suit against the Cemetery Company and its officers, including Tinsley, who was not a stranger, but a party, to the litigation, after hearing had on due notice and appearance by the defendants, to enter the order appointing a receiver and directing the company's officers to deliver to him, on his demand therefor, the company's property in their custody, including the books, notes and moneys on hand, and to determine on the facts that Tinsley was in contempt in refusing to deliver such property, and assuredly to adjudge this as to so much of the property as he conceded belonged to the company, but the possession of

which he claimed the right to retain only in order to enforce an alleged lien.

The Court of Criminal Appeals held that as Tinsley did not claim the legal title in the notes and in the minute book, but merely an equity or lien thereon to secure his debt; as the order to turn over the property to the receiver was by no means an adjudication as to his lien, which if it was a genuine lien would be preserved to him in the hands of the receiver; and as the effect of the order was merely to place the articles in the hands of the receiver for administration under the orders of the court; the District Court unquestionably had the power to make the order as to these articles, and did not exceed its jurisdiction in so doing. So that even though the $492.52 was not a trust fund in his hands, as the District Court had decided, but a mere debt due from him, because, as he alleged, that sum had been taken by another, and he had simply agreed to make it good, the adjudication of the District Court was nevertheless sustainable apart from that item.

We concur in the view that it was undoubtedly competent for the District Court to compel the surrender of the minute book and notes, in Tinsley's possession, and that he could not be discharged on *habeas corpus* until he had performed or offered to perform so much of the order, as it was within the power of the District Court to impose, even though it may have been in some part invalid. *In re Swan*, 150 U. S. 637.

The other objections suggested require no special consideration. It is said that the imprisonment for contempt was limited by the state statute to three days, Art. 1120, Tex. Rev. Stats., but the state court held that that statute had reference to a *quasi* criminal contempt as a punishment, and not to a civil contempt where the authority of the court is exercised by way of compelling obedience. Rapalje on Contempts, § 21. This is not a Federal question, and we accept the ruling of the state court in its construction of the statute. It is urged that the order of commitment imposed an uncertain and indefinite term of imprisonment; but the order was that Tinsley should be confined until he complied, and the addition,

"or until he shall be discharged by the further order of the court," was merely intended to retain the power to discharge him if the court should thereafter conclude to do so, it being within his own power to obtain his discharge at any time by obeying the order. Nor is there any force in the objection that no trial by jury was awarded, for such trial was not demanded, and a jury trial is not necessary to due process of law on an inquiry for contempt. *Walker* v. *Sauvinet*, 92 U. S. 90; *Eilenbecker* v. *Plymouth County District Court*, 134 U. S. 31; Rapalje on Contempts, § 112.

The judgments of the Circuit Court and of the Court of Criminal Appeals are, severally,

*Affirmed.*