### In re O'BRIEN.

(Circuit Court, D. Massachusetts. March 15, 1899.)

No. 793.

FEDERAL COURTS—HABEAS CORPUS BY STATE PRISONER.

> The rule applied that a federal court will not review the proceedings of a state court on a writ of habeas corpus procured by a state prisoner on the ground of a violation of his constitutional rights, where the petitioner's remedy in the state courts has not been exhausted, and the construction and effect of local statutes must be determined before it is clear that any constitutional right is involved, but will leave him to such remedy, and to a final appeal to the supreme court to determine any constitutional question raised and adversely determined by the state tribunals.

This was a petition by Edward F. O'Brien for a writ of habeas corpus.

Charles R. Cummings, for petitioner.

Hosea M. Knowlton and Franklin T. Hammond, for the Commonwealth.

PUTNAM, Circuit Judge. It is not necessary for us, in this case, to call on the state. This petition asks us to review various proceedings of the state courts with reference to matters, some of which are only irregularities, and some of which may involve fundamental questions of constitutional law. Under them lie, to a certain extent, the construction and the determination of the effect of local statutes, which must be disposed of before it is clear that any constitutional right is involved. As the effect and construction of local statutes are peculiarly within the province of the state courts, it is especially proper that those tribunals should have full opportunity of determining them before a federal court takes a case out of their hands. Moreover, at no point during the proceedings in the state courts, so far as the record shows, did the petitioner raise any federal question. Under such circumstances, his appeal to this court is only an afterthought. Even if he had raised any, it would not follow that he would be entitled to have them adjudicated on a writ of habeas corpus issued by this court. The decisions of the supreme

court with reference to that matter, and the cautions which it gives the inferior federal tribunals, come very often. We referred to some of them in the opinion passed down in Murphy's Case (May 18, 1898) 87 Fed. 549. Since then a resumé of the decisions and the rule stated in Murphy's Case have been given and reiterated on several occasions,—one in Tinsley v. Anderson, 171 U. S. 101, 104, 105, 18 Sup. Ct. 805, and the latest in Fitts v. McGhee, 172 U. S. 516, 532, 533, 19 Sup. Ct. 516. The substance of the position is that although the habeas corpus statute of the United States is very peremptory in its letter, that the writ shall issue on application, yet the supreme court has practically so construed it as to hold that it does not deprive the federal courts of the use of a certain judicial discretion with reference to the granting of such petitions; and that court has, in the many cases which have been before it, so cut down that discretion as to leave very little power in this matter, and, in substance, to reprove its exercise, unless the application is made by a federal official, or has relation to the obstruction of interstate commerce, or to some other unlawful and unconstitutional obstruction of a continuing character. The distinction is referred to in Ohio v. Thomas, 173 U. S. 276, 19 Sup. Ct. 453. There is nothing presented by this petition of an exceptional character, and nothing to indicate that the petitioner will not receive prompt and complete relief, either by writ of error or on habeas corpus, in the courts of the state, with the undoubted right, in case a federal question should be raised and determined against him, to go to the supreme court on error. Under the circumstances, we are satisfied that the supreme court has not left us the power to exercise our judicial discretion in favor of granting this petition. Petition denied.