**PLAINE v. BURFORD, Warden.**

No. 4006.

United States Court of Appeals Tenth Circuit.

Feb. 17, 1950.

Writ of Certiorari Denied March 27, 1950.

See 70 S.Ct. 617.

James J. Plaine filed a brief pro se.

Mac Q. Williamson, Attorney General of Oklahoma, and Owen J. Watts, Assistant Attorney General, on the brief, for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is a habeas corpus proceeding instituted in the United States Court for the Eastern District of Oklahoma by James J. Plaine, an inmate of the state penitentiary at McAlester, Oklahoma, against C. P. Burford, Warden, to obtain his discharge from further confinement in that institution. The District Court denied the application and this appeal was taken.

The decisive facts in the case are not in dispute. An information was filed in the District Court of Tulsa County, Oklahoma, which charged the petitioner with the crime of obtaining money by means of a bogus check. The petitioner entered a plea of guilty to the information and was sentenced to serve two years in the Oklahoma State penitentiary. No appeal was taken from that judgment and sentence. Petitioner sets forth that on the 24th day of October 1947, he was charged in the United States Court for the Northern District of Alabama for a violation of Title 18 U.S.C.A. § 415 [now § 2314], which charge grew out of the issuance of worthless checks, and he served the sentence imposed by the court upon his plea of guilty; that when he was released on June 1, 1949, he was taken into custody by the Oklahoma authorities; that the United States had exclusive jurisdiction of the offense which was charged against him in the Oklahoma state court; that the District Court of Tulsa County, Oklahoma, was without jurisdiction of the offense charged in the information; that the state court's sentence was illegal, null and void and in violation of his constitutional rights. A hearing was had upon the petition and the District Court found against the petitioner on all of his contentions. The court also found that no petition for writ of habeas corpus had been filed in any of the courts of the State of Oklahoma to question the legality of his detention and denied the writ. The petitioner makes no claim

725

that he has exhausted his remedy in the Oklahoma state court.

28 U.S.C.A. § 2254 states:

"An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such procss ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

This section is merely declaratory of the existing law requiring a person detained by virtue of a state court judgment to exhaust his remedies in state court before a petition for writ of habeas corpus should be considered in the Federal courts. United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Dye v. Johnson, 338 U.S. 864, 70 S.Ct. 146; Ex parte Hawks, 321 U.S. 114, 116, 64 S.Ct. 448, 450, 88 L.Ed. 572, in which it is said:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. Tinsley v. Anderson, 171 U.S. 101, 104-105, 18 S.Ct. 805, 807, 43 L.Ed. 91; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; United States ex rel. Kennedy v. Tyler, 269

U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Mooney v. Holohan, supra, 294 U.S. 115, 55 S.Ct. [340], 343, 79 L.Ed. 791, 98 A.L.R. 406; Ex parte Abernathy, 320 U.S. 219, 64 S.Ct. 13 [88 L.Ed. 3]. And where those remedies have been exhausted this Court will not ordinarily entertain an application for the writ before it has been sought and denied in a district court or denied by a circuit or district judge. Ex parte Hawk, supra; Ex parte Abernathy, supra.

"The denial of relief to petitioner by the federal courts and judges in this, as in a number of other cases, appears to have been on the ground that it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' [269 U.S. 13, 46 S.Ct. 3, 70 L.Ed. 138]. See In re Anderson, 9 Cir., 117 F.2d 939, 940; In re Miller, 9 Cir., 126 F.2d 826, 827; Kelly v. Ragan, 7 Cir., 129 F.2d 811, 814-15; Hawk v. Olson, supra, 8 Cir., 130 F.2d at pages 911-913; Marsino v. Hogsett, D.C., 37 F.2d 409, 414; United States ex rel. Foley v. Ragan, D.C., 52 F.Supp. 265, 269-270; cf. United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861, 862."

No exceptional circumstances of peculiar urgency are shown to exist in this case. The state courts of Oklahoma are available as a means of attacking the legality of the detention of the petitioner. The constitution and the statutes of Oklahoma provide a corrective process by which all the matters complained of in the petition may be determined.[1] The remedy must be exhausted there before the petitioner may proceed in Federal Court.

The order denying the writ is affirmed.

---

1. Oklahoma Constitution, Art. II, Sec. 10; Oklahoma Statutes Ann. Title 12, Chap. 23.