**Jack G. ADARGO, Appellant,**

v.

**Wayne K. PATTERSON, Warden Colorado State Penitentiary, Appellee.**

**No. 8861.**

United States Court of Appeals
Tenth Circuit.

Jan. 13, 1967.

Page Dobson, of Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, Okl., for appellant.

James W. Creamer, Jr., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., James F. Pamp, Asst. Atty. Gen., Denver, Colo., on brief), for appellee.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The appellant was convicted, by a jury in a State District Court, of the crimes of robbery and conspiracy.

Appellant was indicted December 13, 1961, during the September term of Court. During the 1962 January term, a trial date was set for the 1962 September term. No objection to the trial date was made at that time. The 1962 April term intervened. During the April term of court a request for continuance on the part of the accused was denied.

Colorado Statutes provide that a person not admitted to bail must be tried befor the expiration of the second term after incarceration.[1] The second term had expired before trial on September 11, 1962.

[1] § 39-7-12, 3 Colorado Revised Statutes 1963 provides: "If any person shall be committed for any criminal or supposed criminal matter, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the defendant shall be set at liberty by the court, and the cause dismissed except as provided in this section, and the said person shall not again be indicted, informed against or committed for the same offense, unless the delay shall have been caused or requested by the defendant. If such court at the second term shall be satisfied that due exertions have been made to procure the evidence for and on behalf of the people, and that there are reasonable grounds to believe that such evidence may be procured at the third term, they shall have power to continue such case until the third term. In computing the terms, the term of court at which the indictment is presented, or the information filed, shall not be included."

Appellant, as an indigent, requested the appointment of counsel, and the trial court assigned a lawyer to defend him.

After his conviction and shortly before time for appeal expired, appellant, by letter, requested the trial judge to appoint counsel to prosecute a writ of error. The trial court denied this request.

Appellant, pro se, filed a motion under 35(b) Colo.R.Crim.P. alleging (1) he was not brought to trial within two terms of the court, (2) that he had been denied a speedy trial as guaranteed by the Colorado Constitution, and (3) that his constitutional rights were violated by trial court's refusal to appoint counsel to prosecute a writ of error on the original judgment. The trial court denied the motion, but the Supreme Court of Colorado reversed and remanded the cause for appointment of counsel and prosecution of a writ of error on the original judgment.

Appellant filed this application for a writ of habeas corpus to test the conclusions of the Supreme Court of Colorado concerning points (1) and (2) of his pro se appeal. Appellant contends the exhaustion of remedy requirement of the federal court is satisfied because these constitutional issues have been resolved by the Colorado Supreme Court.

The District Court denied the application on the ground that the state remedies had not been exhausted, and this appeal is here on the narrow question of exhaustion of state remedies.

■ The matter still pending before the Supreme Court of Colorado is: " * * * Adargo's writ of error to his convictions in this case." Adargo v. People, 411 P.2d 245, 247 (Colo.1966).

" '[C]ourts of the United States, while they have power to grant writs of habeas corpus for the purpose of inquiring into the cause of restraint of liberty of any person in custody under the authority of a State in violation of the Constitution, * * * yet, except in cases of peculiar urgency, ought not to exercise that jurisdiction by a discharge of the person in advance of a final determination of his case in the courts of the State, * * *' Tinsley v. Anderson, 171 U.S. 101, 104–105, [18 S.Ct. 805, 807, 43 L.Ed. 91]. The principles are now reasonably clear. 'Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari,[2] have been exhausted.' Ex parte Hawk, 321 U.S. 114, 116–117 [64 S.Ct. 448, 450, 88 L.Ed. 572]".[3]

"It may be well to point out that the only purpose of habeas corpus is to furnish a remedy by which persons can find relief when incarcerated for a crime where the committing court was without jurisdiction, and it is not, and never was intended as, a means to relieve persons who are guilty and have been duly convicted of crime, from paying the just penalty therefor." Ex Parte Jones, 100 F.Supp. 598, 600 (W.D.Wash.1951).

■ The Supreme Court of Colorado, although expressing judgment on the constitutional question raised herein, did not limit the scope of appeal when it reversed the trial court and remanded the case for proper appellate procedure. Thus, the presentation of errors which may have occurred at the trial is still available.

Any substantive matter which may bear upon the guilt or innocence of the appellant is subject to review before the Colorado court. Therefore, we cannot say the trial court was wrong in concluding all appellee's state remedies have not been exhausted.

Affirmed.

2. It is no longer necessary to seek certiorari in order to exhaust state remedies. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

3. Irvin v. Dowd, 359 U.S. 394, 405, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959).