STATE v. ELEANOR BRESKY.[1]

November 27, 1942.

No. 33,275.

324

*Thomas Kneeland,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, *R. S. Wiggin,* City Attorney, and *J. A. Hadley,* Assistant City Attorney, for the State.

PER CURIAM.

Defendant was convicted of assault and battery on the complaint of one Lola Hanson. The case comes here on a bill of exceptions. The assault was committed on November 5, 1941, and the principal question involved at the trial seems to have been whether the complaining witness assaulted the defendant or the defendant assaulted the complaining witness. The jury found against defendant. The assault was alleged to have been committed with a wrench, and the complaining witness said that she had been struck on the arm and bruised.

Defendant sought to introduce a complaint from the files of the district court which alleged that the complaining witness was injured and bruised on the arms in an automobile accident which occurred on March 24, 1940. The trial court sustained an objection to the introduction of this evidence, and we think that it was clearly right in doing so. The time of the automobile accident was entirely too remote.

Defendant also complains that a plumber who had fixed a radiator in the complaining witness's apartment should have been permitted to testify that he requested defendant to go back to the apartment after the repairs had been made to ascertain whether the repairs had been effective. We see no prejudicial error in the

court's ruling out this testimony as irrelevant. There seems to have been no question but that defendant was in the apartment when the assault occurred. If she was there wrongfully, the jury would be the more likely to believe that the complaining witness on that account committed the assault on her. The exclusion did not prejudice defendant.

■ Further complaint is made that a new trial should have been granted on the ground of newly discovered evidence, in that defendant was surprised by a denial by Mr. Hanson, the complaining witness's husband, that he had signed a lease of the apartment. Defendant asserts that because of this she was unable to get competent expert testimony in time for the trial on the question of whether or not the signature appearing on the lease was that of Mr. Hanson. On the motion for new trial defendant presented an affidavit from an expert that the signature on the lease was Hanson's. For the same reasons that we disposed of the previous exceptions, we think that the relevancy of the lease was too remote to be material.

■ An affidavit supporting the motion stated that one of the jurors said that she did not vote for a verdict of conviction or believe in defendant's guilt and that she thought that when the verdict was returned the foreman would state that she had not voted for it. Such a showing cannot be used to impeach the verdict. State v. Talcott, 178 Minn. 564, 227 N. W. 893.

. The order appealed from is affirmed.