## FLANSBURG v. KAISER, Warden.
### No. 1723.

District Court, W. D. Missouri,
Central Division.

Feb. 4, 1944.

Robert J. Flanagan, Asst. Atty. Gen., for respondent.

GARDNER, Circuit Judge.

Abner Flansburg has filed a petition for writ of habeas corpus to release him from the Missouri State Penitentiary where he is now restrained and confined under commitment issued by the Circuit Court of Pike County, Missouri, upon a judgment of

conviction for the crime of first degree murder. He claims that he is illegally restrained and deprived of his liberty without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. It is alleged in the petition that he was committed to the State Penitentiary on the 19th day of April, 1937, on a plea of guilty to the crime of first degree murder, and was sentenced to life imprisonment in the Missouri State Penitentiary; that in the proceedings in the Circuit Court of Pike County, Missouri, culminating in his life sentence, he was not represented by counsel, no counsel having been appointed for him by the court and that he was incapable of adequately making his own defense; that the crime occurred late on a Friday night, he was arrested on the following morning, and on the following Monday he was taken before the court for sentence; that at no time prior to his conviction and sentence was he allowed to consult with counsel. He challenges the legality of the proceedings on the following grounds:

"1. Because the petitioner was denied the aid of counsel and the judgment and sentence is thereby vitiated, since under the 'due process' clause of the 14th Amendment to the Constitution of the United States, it was the duty of the trial court, to-wit, the Circuit Court of Pike County, Missouri, whether requested or not, to assign counsel for the petitioner as a necessary requisite of due process of law, since the petitioner was charged with a 'capital offense', to-wit, Murder in the first degree, and it follows that the failure of the trial court to make an effective appointment of counsel is a denial of due process of law.

"2. Because the judgment of conviction pronounced by the Circuit Court of Pike County, Missouri, is void, since the jurisdiction of said court was lost when it denied the petitioner due process of law in refusing petitioner the aid of counsel."

Attached to the petition and made a part thereof is a copy of the judgment and sentence of the Circuit Court of Pike County, Missouri, pursuant to which petitioner is now confined in the penitentiary for the State of Missouri.

Pursuant to a show cause order, respondent has elected to challenge the sufficiency of the petition by demurrer, on the ground that the petition does not state facts sufficient to constitute a cause of action. Respondent by his attorney has filed typewritten brief in support of his demurrer. The brief having been served upon petitioner, he has filed a typewritten brief in answer to the brief filed by respondent and in support of the sufficiency of his petition.

As the issue thus raised is one of law, not requiring the introduction of any evidence in its support, and not requiring the presence of petitioner for its consideration, it will now be disposed of without the issuance of writ of habeas corpus.

 It appears from the petition that petitioner is confined in the State Penitentiary of Missouri for a violation of the laws of the State of Missouri, and that he is so confined pursuant to judgment entered by a court of that state having jurisdiction of the offense charged. Federal courts and the justices and judges thereof are vested with power to release any person within their respective jurisdictions who is restrained of his liberty, by whatever authority, in violation of the Constitution of the United States or any law or treaty thereof. 28 U.S.C.A. § 452; Riggins v. United States, 199 U.S. 547, 26 S.Ct. 147, 50 L.Ed. 303. One in custody pursuant to the final judgment of a state court of criminal jurisdiction may have a judicial inquiry in a court of the United States, or before a justice or judge of such a court, into the very truth and substance of the cause of his detention, even though it be necessary to look behind and beyond the record of his conviction to test the jurisdiction of the state court. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969. Federal courts, however, will not in the first instance attempt to control criminal prosecutions commenced in state courts. Even though a person may be held unlawfully he may still not have a right to invoke the aid of the courts of the United States for his release by habeas corpus. To be entitled to claim the right to procure the issuance of such a writ by the Federal court, or a justice or judge thereof, it must be made to appear from the application for the writ that the application is founded upon some matter justifying the exercise of federal authority. Federal courts can not concern themselves with mere alleged errors in the conduct of the trial in a state court resulting in conviction nor questions depending upon state law. Federal courts do not have any supervisory power over state courts, nor will they interfere with the orderly administration of

justice in state courts by issuing writs of habeas corpus. United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Hawk v. Olson, 8 Cir., 130 F.2d 910. While the Federal courts and their justices and judges have jurisdiction to inquire into the cause for detention alleged to be violative of the Constitution, laws or treaties of the United States, so also have the state courts such jurisdiction. Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859. Where the restraint alleged to be unlawful is pursuant to the judgment of a state court, the power to issue the writ of habeas corpus by Federal courts or judges is to be exercised pursuant to a sound discretion and except in rare cases, or cases in which the petitioner has exhausted his state remedies, the writ should not issue. In a very recent decision, handed down by the Supreme Court January 31, 1944, entitled Ex parte Henry Hawk, 64 S.Ct. 448, 450, it is said:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. Tinsley v. Anderson, 171 U.S. 101, 104-5, 18 S.Ct. 805, 43 L.Ed. 91; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Mooney v. Holohan, supra, 294 U.S. 115, 55 S.Ct. 343, 79 L.Ed. 791, 98 A.L.R. 406; Ex parte Abernathy, October 11, 1943, 320 U.S. 219, 64 S.Ct. 13. * * *

"Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated. Salinger v. Loisel, 265 U.S. 224, 230-32, 44 S.Ct. 519, 68 L.Ed. 989. But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, 294 U.S. 115, 55 S.Ct. 343, 79 L.Ed. 791, 98 A.L.R. 406, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. Moore v. Dempsey, 261 U.S.

86, 43 S.Ct. 265, 67 L.Ed. 543; Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679 [87 L.Ed. 868], a federal court should entertain his petition for habeas corpus, else he would be remediless. In such a case he should proceed in the federal district court before resorting to this court by petition for habeas corpus."

In the instant case the only allegation in the petition referring to any attempt by petitioner to invoke the remedies afforded by the state is as follows: "Petitioner states that no application for the relief sought has been made to or refused by any court, officer or officers superior to the one to whom this petition is presented, but that a similar application was made to the Supreme Court of the State of Missouri on or about November 24, 1943, and said application was denied without a hearing on December 6, 1943, the said court simply noting that 'the petition fails to state a cause of action,' therefore the petitioner has exhausted his remedy in the state courts." It does not appear from the petition what grounds were alleged as the basis for petitioner's application to the Supreme Court of Missouri for the writ. It simply alleged that petitioner made "a similar application." It does not appear that the state court considered and adjudicated the merits of the contentions presented here by the petitioner. That court merely held that the petition presented to it failed to state a cause of action. There apparently was no effort to amend the petition so that the merits of petitioner's contentions might be presented to that court. Where the highest court of the state has considered and adjudicated the merits of petitioner's contentions, his recourse then will be to invoke the authority of the Supreme Court of the United States by writ of certiorari or otherwise, "to protect * * * against any adverse decision involving a denial of a federal right properly asserted * * *." United States ex rel. Kennedy v. Tyler, supra [269 U.S. 13, 46 S.Ct. 3, 70 L.Ed. 138]. See, also: Hawk v. Olson, supra; Palmer v. McCauley, 9 Cir., 103 F.2d 300; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760.

As it does not appear from the allegations of his petition that petitioner has exhausted his state remedies, his application must be denied and his petition dismissed.