## HERZOG v. COLPOYS

### No. 8701.

United States Court of Appeals District of Columbia.

Decided May 11, 1944.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John L. Ingoldsby, Jr., Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

In 1934, appellant was convicted of robbery in Maryland and sentenced to serve ten years in the penitentiary of that State. In 1937, the Governor released him, in custody of the State Parole Commissioner, upon a conditional pardon. In 1942, the Governor revoked the pardon and ordered appellant recommitted. In August, 1943, appellant filed a petition for writ of habeas corpus in the Circuit Court for Prince Georges County, Maryland; which writ was granted; appellant was discharged; and the law of Maryland under which he had been recommitted was held, by that court, to be unconstitutional. On November 10, 1943, the Maryland Court of Appeals reversed the decision of the Circuit Court. In the meantime, on September 24, 1943, appellant had been taken into custody by District of Columbia police officers, for violation of laws of the District. On November 4, 1943, a warrant was issued by the Governor of Maryland for the arrest of appellant. On November 15, 1943, appellant was arrested in the District of Columbia upon a fugitive warrant pursuant to the law of the District.[1] Thereupon he sought a writ of habeas corpus in the District Court; his petition was dismissed and this appeal followed. Here he seeks to challenge the power of Maryland's

---

[1] D.C.Code (1940) § 23—403, 45 Stat. 440, § 1.

Governor to revoke the conditional pardon. He contends that the Maryland statute, which makes the Governor sole judge whether the conditions of a conditional pardon have been violated, and without notice or hearing, is unconstitutional. He contends, further, that he has exhausted the remedies available to him in the Maryland courts; hence that he is entitled to relief in the federal courts.

Appellant's contentions are without merit. The Maryland Court of Appeals has decided that the applicable statute is constitutional.[2] We are bound by that decision[3] at least to the extent that the contention concerns the Maryland Constitution. On the other hand, to the extent that it hypothesizes a violation of the United States Constitution, his remedy was to challenge the Maryland court's decision in the Supreme Court of the United States. Ordinarily, an application for habeas corpus, by one detained under a state court judgment of conviction of crime, will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in the Supreme Court of the United States, have been exhausted.[4] In Wright v. Herzog,[5] the Maryland Court of Appeals

[2] Wright v. Herzog, — Md. —, 34 A.2d 460.

[3] Erie R. R. v. Tompkins, 304 U.S. 64, 71, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; West v. American Tel. & Tel. Co., 311 U.S. 223, 228, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956; Post v. Supervisors, 105 U.S. 667, 669, 26 L.Ed. 1204; Buchanan v. Blitch, 5 Cir., 57 F.2d 668; Meredith v. Board of Public Instruction, 5 Cir., 112 F.2d 914; In re Mifflinburg Body Co., 3 Cir., 127 F.2d 59, 142 A.L.R. 1153.

[4] Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 450, and authorities there cited: "Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated. Salinger v. Loisel, 265 U.S. 224, 230–232, 44 S.Ct. 519, 521–522, 68 L.Ed. 989. But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, * * * [294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406] or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. Moore v. Dempsey, * * [261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543] Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, [87 L.Ed. 868], a federal court should entertain his petition for habeas corpus, else he would be remediless."

[5] 34 A.2d 460, 461, 462, 463: "In his testimony Herzog admitted he did not keep the Director of Parole and Probation advised as to his address; he did not make the monthly reports as he was required to do; and between the time of his arrest in December, 1942, and the date of the hearing in the habeas corpus proceeding, pleaded guilty in two cases in the Criminal Court of Baltimore City to what he believed 'was termed false pretenses' and that these cases arose out 'of the issuance or utterance of the bogus check.' * * * There can be no question of the correctness and justness in the action of Governor O'Conor in rescinding this conditional pardon and remanding Herzog to prison. The question involved is one of technical law and turns on the point of whether under the Constitution of this State, or of the Federal Government, it was necessary for the Governor to give Herzog a hearing before he revoked the conditional pardon which had been granted him. * * * We are of opinion that the weight of authority sustains the validity of statutes which authorize the revocation of conditional pardons without requiring a hearing and that section 80 of Article 41 of the Code is constitutional. This does not mean that the Governor can exercise his power arbitrarily or upon whim, caprice, or rumor. When the Governor acts in a case like this the law presumes that he has dealt with the matter carefully and fairly. When a prisoner is recommitted the matter will be final, unless it is reopened by habeas corpus proceeding. A petition for the writ should deny breach of conditions upon which the pardon was issued, and with clearness and precision state facts which on their face show that the action in revoking a conditional pardon was capricious and arbitrary. Without such allegations the writ should not issue. And unless such facts are sustained by clear proof the prisoner should be remanded. * * * But in all such cases as this the prisoner must show injury; and, where he does not allege that he has not violated the conditions of his pardon, he has not shown injury nor deprivation of a constitutional right. In such circumstances his case would be moot and not entertained."

stated that the action of the Governor, in revoking a conditional pardon, can be challenged by a showing of capriciousness and arbitrariness, and spelled out specifically just how such a showing can be made in a habeas corpus proceeding. In the present case, no showing has been made that the remedies available in Maryland under that decision have been exhausted. For both the foregoing reasons, therefore, appellant had no standing in the District Court. Under the circumstances, his detention by appellee pending receipt of a requisition from the Governor of Maryland was fully authorized and the District Court properly dismissed his petition.

Affirmed.