**GUY v. UTECHT, Warden.**

No. 12864.

Circuit Court of Appeals, Eighth Circuit.

Oct. 3, 1944.

Arthur LeSueur, of Minneapolis, Minn., for appellant.

Ralph A. Stone, Asst. Atty. Gen., of Minnesota (J. A. A. Burnquist, Atty. Gen. of Minnesota, and M. J. Dillon, Co. Atty., and Howard T. Van Lear, Asst. Co. Atty.,

914

both of Minneapolis, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether the United States District Court for the District of Minnesota erred in denying and dismissing, without a hearing, appellant's petition for a writ of habeas corpus.

The factual situation out of which this controversy arises is stated in detail in the opinion of the Supreme Court of Minnesota in the case of Guy v. Utecht, 216 Minn. 255, 12 N.W.2d 753, and is briefly, but adequately, stated in the opinion of the United States District Court in 54 F.Supp. 287.

The appellant (who will be referred to as "petitioner") is confined in the Minnesota State Penitentiary under a life sentence for bank robbery imposed December 12, 1929, by the State District Court of Wright County, Minnesota. The Board of Pardons of the State of Minnesota granted petitioner a commutation of sentence on December 14, 1936. He accepted the commutation and was released. His civil rights were restored to him by the Governor of Minnesota on November 15, 1937. On February 16, 1940, the Board of Pardons, without notice to petitioner and without a hearing, entered an order annulling and revoking the commutation of sentence granted him, "to the end that said Earl Guy may be forthwith returned to the State Prison at Stillwater, Minnesota, there to serve the remainder of his sentence." The order of the Board recited that petitioner's sentence had been commuted upon the condition, among others, "that he lead a law abiding life"; and further recited that "it appears from the report of the county attorney of Hennepin County that Earl Guy is now charged in said county with the offense of burglary in the third degree committed on November 27, 1939, for burglarizing the River-Lake Motor Company, and is also charged with assault in the first degree upon Officer Tripp following said burglary, and with the robbery of the Hans Rosacker Company in said county to which two of his accomplices have confessed and implicated him, and that by such conduct he has violated the aforesaid condition of his said commutation."

Following the entry of the order of the Board of Pardons, the petitioner was arrested and returned to the penitentiary. He applied on December 22, 1942, to the state District Court of Washington County, Minnesota, for a writ of habeas corpus, asserting that his sentence had been finally and unconditionally terminated by the commutation granted by the Board of Pardons on December 14, 1936. The state District Court issued the writ for the purpose of inquiring into the legality of the petitioner's imprisonment. At the hearing on the writ, a certified copy of the record of the commutation of sentence, from the files in the office of the Board of Pardons, was produced by petitioner. This record showed that the commutation contained the condition that petitioner lead a law-abiding life, but did not show that the Board had reserved the right to revoke the commutation for a breach of its conditions.

The state District Court ordered the petitioner released, but granted a stay. Within the period of the stay, the respondent Warden and the Attorney General of the State filed an amended return, asserting that the Board of Pardons had reserved the right to revoke the commutation of petitioner's sentence for a breach of the conditions of the commutation, and that the conditions had been breached by the petitioner. The state District Court then held a second hearing, at which the respondent produced what was claimed to be the original commutation of sentence from the files in the office of the Governor, signed by the members of the Board and by petitioner. This record of the commutation contained the following clause: "This commutation is granted and accepted upon the express understanding that this Board reserves the right to determine whether any condition hereof has been violated and if violation be found to revoke this commutation and to cause the said prisoner to be returned to your institution to serve the remainder of his said sentence." After the second hearing on the writ, at which evidence was adduced relating to petitioner's alleged violation of the conditions of the commutation of sentence, the court discharged the writ and remanded the petitioner to the custody of the respondent Warden.

The petitioner then appealed from the order of the state District Court to the Supreme Court of Minnesota. That court appointed as referee, to take further evidence, the state District Judge who had made the order appealed from. After fur-

ther evidence had been taken, the case came before the Supreme Court of Minnesota de novo upon the evidence adduced before the state District Court and before the judge of that court acting as referee. On December 24, 1943, the Supreme Court of Minnesota decided the case adversely to petitioner. 216 Minn. 255, 12 N.W.2d 753.[1] That court determined: (1) That the commutation of sentence granted petitioner by the State Board of Pardons was conditioned upon his leading a law-abiding life, and contained a reservation by the Board of the right to determine whether that condition had been violated and to revoke the commutation in case of a breach of the condition; (2) that the petitioner had accepted the commutation containing the condition and the reservation; (3) that the revocation of the commutation by the Board, without notice and without a hearing, was not a denial of due process violative of the Fourteenth Amendment to the Constitution of the United States or of other constitutional safeguards; (4) that in the habeas corpus proceedings petitioner was afforded an opportunity to show that he had not violated the conditions of his commutation, or to excuse his failure to comply with them, and that the hearings afforded in those proceedings satisfied the requirements of due process; (5) that petitioner had made no offer to disprove the accusations against him, and that the evidence conclusively showed that he had not led a law-abiding life, but had, after his release, committed the serious violations of law referred to in the order of the Board. In conclusion, the Supreme Court of Minnesota said: "We are convinced that the trial court reached the correct conclusion in discharging the writ and remanding petitioner to the custody of respondent to serve the remainder of his sentence." 216 Minn. 255, 12 N.W.2d 753, 760.

The United States District Court in the instant case ruled, in effect, that petitioner had made an insufficient showing of a denial of due process in violation of the Fourteenth Amendment to the Constitution of the United States, and that his petition for a writ of habeas corpus could not be entertained by a federal court, since peti-

tioner had not applied to the Supreme Court of the United States for certiorari to review the decision of the Supreme Court of Minnesota.

■ The questions depending upon the Constitution and laws of the State of Minnesota sought to be raised by petitioner in the United States District Court had been conclusively determined by the Supreme Court of Minnesota and were not subject to review or re-examination by the United States District Court. The highest court of a state is the final arbiter of what the state law is, and, when that court has spoken, its decision must be accepted by the federal courts as defining the law of the state. West v. American Telephone & Telegraph Co., 311 U.S. 223, 236, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956; Wichita Royalty Co. v. City National Bank of Wichita Falls, 306 U.S. 103, 107, 59 S.Ct. 420, 83 L.Ed. 515; Herzog v. Colpoys, App.D.C., 143 F.2d 137, 138.

■ The contention of petitioner that the order of the Board of Pardons annulling and revoking the commutation of his sentence was void because entered without notice and hearing, and that the failure of the Board to give him notice and a hearing amounted to a denial of his right to due process under the Constitution of the United States, raised the only federal question in this case. This question was given full and fair consideration by the Supreme Court of Minnesota. Whether the question was correctly or incorrectly decided is not for this Court or the United States District Court to say. The federal question was one which the Supreme Court of Minnesota had jurisdiction to decide. Its decision of the question was subject to review by the Supreme Court of the United States on certiorari, but not to reconsideration in the United States District Court for the District of Minnesota in habeas corpus proceedings. If the decision by the Supreme Court of Minnesota of the federal question raised by petitioner was wrong, as he contends, the only way to have it corrected was by applying to the Supreme Court of the United States for certiorari to the Supreme Court of Minnesota.

---

[1] The facts as we have stated them are not all contained in the petition for habeas corpus filed in the instant case, but are in part taken from the opinion of the Supreme Court of Minnesota in Guy v. Utecht, 216 Minn. 255, 12 N.W.2d 753, of which the United States District Court took judicial notice, and which it was required to consider in determining whether the petitioner had exhausted his State remedies and whether he had been afforded a full and fair adjudication of his case.

The decision of this Court in Hawk v. Olson, 8 Cir., 130 F.2d 910, 911, certiorari denied 317 U.S. 697, 63 S.Ct. 435, 87 L.Ed. 557, requires an affirmance of the order appealed from. We said in that case that the only recourse of a person asserting that he is being held in state custody under the judgment of a state court in violation of the Constitution, laws or treaties of the United States, even though he has exhausted all his state remedies, is by way of application to the Supreme Court of the United States, unless the case is one of those "rare cases where exceptional circumstances of peculiar urgency are shown to exist." It is true that in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, the Supreme Court of the United States limited the scope of our opinion in Hawk v. Olson, supra. It said, page 117 of 321 U.S., page 450 of 64 S.Ct.:

"The statement that the writ is available in the federal courts only 'in rare cases' presenting 'exceptional circumstances of peculiar urgency', often quoted from the opinion of this Court in United States ex rel. Kennedy v. Tyler, supra, 269 U.S. [13], 17, 46 S.Ct. [1], 70 L.Ed. 138, was made in a case in which the petitioner had not exhausted his state remedies and is inapplicable to one in which the petitioner has exhausted his state remedies, and in which he makes a substantial showing of a denial of federal right.

"Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated. Salinger v. Loisel, 265 U.S. 224, 230–232, 44 S.Ct. 519, 521-522, 68 L.Ed. 989. But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, 294 U.S. [103], 115, 55 S.Ct. [340], 79 L.Ed. 791, 98 A.L.R. 406, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679 [87 L.Ed. 868], a federal court should entertain his petition for habeas corpus, else he would be remediless. In such a case he should proceed in the federal district court before resorting to this Court by petition for habeas corpus."

In its opinion in Ex parte Hawk, supra, the Supreme Court also said (pages 116, 117 of 321 U.S., page 450 of 64 S.Ct.):

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. Tinsley v. Anderson, 171 U.S. 101, 104, 105, 18 S.Ct. 805, 807, 43 L.Ed. 91; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Mooney v. Holohan, supra, 294 U.S. [103], 115, 55 S.Ct. [340], 79 L.Ed. 791, 98 A.L.R. 406; Ex parte Abernathy, 320 U.S. [219], 64 S.Ct. 13. And where those remedies have been exhausted this Court will not ordinarily entertain an application for the writ before it has been sought and denied in a district court or denied by a circuit or district judge. Ex parte Hawk, supra [318 U.S. 746, 63 S.Ct. 979, 87 L.Ed. 1123]; Ex parte Abernathy, supra."

We gather from the opinion in Ex parte Hawk, supra, 321 U.S. 114, 64 S.Ct. 448, that in an unexceptional case, one who is detained by a state under a judgment of a state court, and who asserts that his detention is in violation of the Constitution or laws of the United States, in seeking a writ of habeas corpus from a federal district court or a federal judge, must show: (1) The denial of a federal right; (2) that he has exhausted all the remedies available to him in the courts of the state, including all appellate remedies in such courts and in the Supreme Court of the United States by appeal or writ of certiorari; (3) that his resort to these remedies has failed to afford him a full and fair adjudication of the federal contentions raised by him, either because the state law affords no remedy or because in his case the remedy afforded by state law proved in practice to be unavailable or seriously inadequate.

The failure of the petitioner in the instant case to show that he had exhausted his appellate remedy in the Supreme Court of the United States by applying to that court for certiorari, as well as his failure and inability to show that his resort to state court remedies had not afforded him a full and fair adjudication of the federal questions raised by him, precluded the

United States District Court, in the exercise of its discretion, from granting the writ. Our conclusion is that the court did not err in denying and dismissing the petition without a hearing. See and compare Kelly v. Dowd, 7 Cir., 140 F.2d 81, 83; Mason v. Webb, 9 Cir., 142 F.2d 584, 586, 587; Herzog v. Colpoys, App.D.C., 143 F.2d 137, 138; United States ex rel. Foley v. Ragen, 7 Cir., 143 F.2d 774.

The order appealed from is affirmed.