**FLANSBURG v. KAISER, Warden.**

No. 12869.

Circuit Court of Appeals, Eighth Circuit.

Oct. 3, 1944.

Rehearing Denied Oct. 25, 1944.

---

Abner Flansburg, appellant, pro se.

Robert J. Flanagan, Asst. Atty. Gen., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from an order denying a petition for a writ of habeas corpus. The appellant is an inmate of the Missouri State Penitentiary under a life sentence imposed by the Circuit Court of Pike County, Missouri, on April 19, 1937, upon appellant's plea of guilty to an information charging him with first degree murder.

On or about February 3, 1944, a petition of the appellant for a writ of habeas corpus was presented to The Honorable Archibald K. Gardner, a judge of the United States Circuit Court of Appeals for the Eighth Circuit. The petition was filed in the United States District Court for the Western District of Missouri on February 4, 1944. In the petition the appellant asserted that his detention is unlawful because, in the proceedings in the Circuit Court of Pike County, Missouri, "he was not represented by counsel, the Court did not make an appointment of counsel, and the petitioner was incapable adequately of making his own defense." His petition contained the following statements: "The alleged crime occurred late on a Friday night, the petitioner was arrested early Saturday morning, and on the following Monday he was taken before the Circuit Court for sentence. At no time prior to his conviction and sentence was the petitioner allowed to consult with counsel." The appellant asserted that it was the duty of the state Circuit Court to appoint counsel for him "whether requested or not"; that its failure to do so was a denial of due process in violation of the Fourteenth Amendment to the Constitution of the United States; and that the failure to appoint counsel deprived the court of jurisdiction to impose sentence.

The petition also contained the following allegation:

"The petitioner states that no application for the relief sought has been made to or refused by any court, officer or officers superior to the one to whom this petition is presented, but that a similar application was made to the Supreme Court of the State of Missouri on or about November 24, 1943, and said application was denied, without a hearing, on December 6, 1943, the said court simply noting that 'the petition fails to state a cause of action', therefore the petitioner has exhausted his remedy in the state courts and must rely upon the federal courts to grant the relief sought."

The appellee demurred to the petition, asserting that it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained and the petition dismissed by Judge Gardner upon the grounds: (1) That it did not appear from the petition that the appellant had exhausted his State remedies, and (2) that the case was not one justifying intervention by a federal judge or a federal District Court to protect against the asserted violation of a federal right. D.C., 54 F.Supp. 433.

Thereafter, with leave, the appellant filed an amended petition, in which, in addition to what had been asserted in his original petition, he alleged that on November 24, 1943, he had applied to the Supreme Court of Missouri for a writ of habeas corpus upon the same grounds as those contained in his amended petition, and that that court, without a hearing, had denied his application upon the ground that it stated no cause of action. The appellee demurred to the amended petition. The demurrer was sustained and the amended petition was dismissed. In sustaining the demurrer and dismissing the amended petition, Judge Gardner rejected the appellant's contention that the due process clause of the Fourteenth Amendment to the Constitution of the United States required a State trial court of Missouri, before accepting a plea of guilty in a capital case, to appoint counsel for the defendant, whether requested to do so or not. Judge Gardner ruled also that the Supreme Court of Missouri had correctly decided that the petition for a writ of habeas corpus filed with it by the appellant was insufficient; but held that, if its decision was erroneous, the sole recourse of the appellant was to. seek a review of that decision by the Supreme Court of the United States. 55 F.Supp. 959.

While we do not doubt the correctness of Judge Gardner's ruling upon the constitutional question presented (see Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595), we prefer to base an affirmance of his order upon the ground that the case was not one justifying the issuance of a writ of habeas corpus by a United States District Court or by a federal judge. The case is the ordinary one of a State prisoner confined in a State institution pursuant to a judgment of a State court for a violation of the criminal laws of the State. The appellant, after having failed to secure a writ of habeas corpus from the Supreme Court of Missouri, and without having applied to the Supreme Court of the United States for certiorari to review the decision of the State Supreme Court denying his application for the writ, has, in effect, asked that a United States Circuit Judge overrule the decision of the State Supreme Court and vacate the judgment and sentence imposed by the State trial court which had jurisdiction of the appellant's person and of the offense charged against him. Judge Gardner correctly ruled that, under the facts stated in the petition and in the amended petition, the appellant had not presented a case justifying the issuance of a writ of habeas corpus by a United States District Court or by a federal judge. See and compare Hawk v. Olson, 8 Cir., 130 F. 2d 910; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448; Kelly v. Dowd, 7 Cir., 140 F.2d 81, 83; Mason v. Webb, 9 Cir., 142 F.2d 584, 586, 587; Herzog v. Colpoys, App.D.C., 143 F.2d 137, 138; United States ex rel. Foley v. Ragen, 7 Cir., 143 F.2d 774; Guy v. Utecht, 8 Cir., 144 F.2d 913.

The order appealed from is affirmed.