## UNITED STATES ex rel. CRIST v. RAGEN.

### No. 8933.

Circuit Court of Appeals, Seventh Circuit.

Oct. 29, 1946.

George F. Barrett and William C. Wines, both of Chicago, Ill., for appellant.

No appearance for appellee.

Before MAJOR and MINTON, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order entered June 26, 1945, granting a discharge to petitioner Crist upon his petition for a writ of habeas corpus. The required certificate of probable cause appears in the record and this court therefore has jurisdiction.

The following pertinent facts appear in the record: Petitioner Crist was convicted in March 1926, of grand larceny and sentenced by the Circuit Court of Iroquois County to serve a term of not less than one year or more than 10 years in the Illinois State Penitentiary at Joliet, Illinois. Petitioner was incarcerated in the Illinois Penitentiary until December 1929, when he was paroled, at his own request, to Detroit, Michigan. Petitioner admittedly violated his parole by failing to submit required reports and also by returning to Illinois. He was arrested on April 19, 1930, in Decatur, Illinois, on suspicion of having, with others, committed several robberies throughout central Illinois. A warrant for parole violation was issued on April 22, 1930, by the Warden of the Illinois Penitentiary and forwarded to the Sheriff at Decatur. Before the Sheriff received this parole violator's warrant, he had surrendered petitioner to Indiana authorities upon presentation by them of papers signed by the Governor of Illinois permitting extradition. After this extradition, petitioner was convicted of bank robbery in the Indiana court and sentenced to life imprisonment. He started service of this sentence in May 1930, and was released by the Indiana authorities in October 1943. Upon his release by the Indiana officials, he was returned to Illinois, upon a parole violator's warrant, declared a parole violator by the Illinois parole board and reincar-cerated in the Illinois Penitentiary to serve the remainder of his sentence.

After such incarceration, petitioner filed petitions for writs of habeas corpus in the Iroquois County Circuit Court (county of conviction), Will County Circuit Court (county of incarceration) and the Illinois Supreme Court, which petitions were denied. He sought certiorari to review the action of the Illinois Supreme Court but did not petition for certiorari to review the action of the other two courts. It is pertinent to note that the record discloses that the petitions, which were denied in the Illinois courts, contained the same allegations as are herein present.

Upon the facts as stated, the District Court decided that it had jurisdiction, that the petitioner had exhausted his state court remedies, and that the State of Illinois waived jurisdiction of petitioner by extraditing him while he was on parole from its penal institution.

The respondent contends (1) that the federal court had no jurisdiction because (a) no federal question was presented by the petition, (b) there was no exhaustion of state court remedies, and (2) that even if the first contention be incorrect the lower court's determination of the merits is erroneous.

The petition raises this question: Does the allowance by the Governor of Illinois of extradition of petitioner (admittedly a parole violator) while on parole amount to a pardon or commutation of the remainder of petitioner's sentence as yet unserved and to a waiver of the right of the State of Illinois to reincarcerate petitioner for service of the remainder of his sentence?

We are of the opinion that the question stated presents a problem properly justiciable under the laws of Illinois. The effect of the Governor's action, in our opinion, presents a non-federal question. Therefore, the lower court should have refused to entertain the petition for a writ of habeas corpus. White v. Ragen, 324 U. S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; United States ex rel. Mazy v. Ragen, 7 Cir., 149 F. 2d 948, 950. We are further of the view that "we cannot say that the refusal [of the Illinois courts] to entertain the peti-

tions for habeas corpus \* \* \* does not rest on an adequate non-federal ground," and the petition should have been dismissed. White v. Ragen, supra, 324 U.S. 760, 766, 65 S.Ct. 982, 89 L.Ed. 1348. Furthermore, assuming that a federal question is presented, the petition still should have been dismissed because of the failure to exhaust state court remedies. White v. Ragen, supra; Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572; United States ex rel. Mazy v. Ragen, supra; United States ex rel. Johnston v. Carey, 7 Cir., 141 F.2d 967, 968; Kelly v. Dowd, 7 Cir., 140 F.2d 81, 82; Herzog v. Colpoys, 79 U.S.App.D.C. 81, 143 F.2d 137, 138; Davis v. Smyth, 4 Cir., 155 F.2d 3, 5.

The judgment of the lower court is reversed, with directions to dismiss the petition for a writ of habeas corpus.

MINTON, Circuit Judge, concurs in the result.