**KUBUS v. SWENSON.**

Civ. No. 2522.

United States District Court
D. Minnesota, Third Division.

Feb. 15, 1954.

Robert Kubus, in pro. per.

Charles E. Houston and Lowell J. Grady, Asst. Attys. Gen., for respondent.

DONOVAN, District Judge.

The matter comes before the Court on an order to show cause why petitioner's application for a writ of habeas corpus should not be granted. Petitioner has filed two previous applications, each of which was denied for good and sufficient reasons. On this occasion, however, the Court, having had its attention directed to conflicting decisions in the Sixth and Eighth Circuits of the Courts of Appeal of the United States, thought it well to produce the petitioner at this hearing and he was present, sworn, and he has testified. In this respect the respondent, Edwin T. Swenson, Warden of the Minnesota State Prison, and the Attorney General of the State of Minnesota, by his Assistant Attorneys General, Houston and Grady, have both cooperated fully in assisting the petitioner and the Court in the foregoing respect.

The instant case is of a more serious nature than the cases before the Court by virtue of the two previous petitions. In a petition of fourteen typewritten pages, the Petitioner complains that the doors of the Minnesota courts have been closed to him because he is a pauper and as such is incapable of furnishing the filing fee required by Minnesota to make justice available to him. By reason of that, the Court is hearing the petition of the petitioner on the merits.

The Attorney General of Minnesota, appearing by his assistants, Messrs. Houston and Grady, concedes that the petitioner's papers seeking relief by access to the State courts have been returned for the reason that, and I quote from the Clerk of the District Court for Washington County, Minnesota, "The fee of $5.00 required under Sec.. 357.07 M.S.1949 [M.S.A.] was not enclosed." And the Clerk of the Supreme Court of Minnesota, on the occasion of petitioner's making application for the filing of papers with that Court for the relief he is here seeking, returned his papers to him, advising thusly, "There is no statutory authorization for the filing of the petition for writ of habeas corpus without the payment of the filing fee as a condition precedent thereto. I am therefore herewith returning same to you."

Petitioner contends that the clerks of the courts referred to took the action indicated despite the inclusion by him, with the papers he requested the clerk to file, of a pauper's affidavit. Petitioner contends that as a pauper, without sufficient means or funds to meet the requirements of the clerks of court referred to, that he has, under the circumstances shown, made an earnest effort to obtain relief in the State courts, all to no avail, and hence he contends he has exhausted any and all State remedies in connection therewith.

Petitioner finds support for this contention in the case of Dolan v. Alvis, 6 Cir., 186 F.2d 586, 587, where under circumstances not unlike the situation in the instant case that court among other things points out that: "If a prisoner is without funds or unable to obtain them, and may not present his case on appeal to a state court or file a petition for a writ of habeas corpus without prepayment of fees that he is unable to make, he would not be precluded from filing a petition for a writ of habeas corpus in a federal court on the ground that he has not exhausted his remedies in the state courts, for in such a case, he must be held to have exhausted such remedies."

In this particular hearing on the merits, the matter has been gone into quite fully and, as I have indicated, the Petitioner has testified and he has told us his story in his own way with such aid as the Court was able to render. He has produced and introduced two letters in evidence, dated August 8, 1952, from the County Attorney of Minneapolis, Minnesota, marked Exhibit C, and another letter from the Clerk of District Court of Hennepin County, Minnesota, marked Exhibit D, and there has also been offered and received in evidence a certified copy of the complete proceedings had in this matter prior to sentence in the State court, as certified to by the clerk of that court on January 29, 1954.

The issue for determination in the first instance is this: Has the petitioner exhausted his legal remedies in the State courts of Minnesota? The decision in the Sixth Circuit which I have referred to would indicate that he was not permitted entry into the State courts and hence he had no opportunity of exhausting his state remedies. On the other hand, deciding the contrary, the Eighth Circuit Court of Appeals in the case of Willis v. Utecht, 185 F.2d 210, at pages 211, 212, in a case where the facts were similar to those in the instant case said:

"* * * the Congress of the United States in revising the 'Judicial Code' * * * provided * * *:

"'2254. State custody; remedies in State courts. An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"'An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.' * * *

"Appellants rely on their claim that they have filed their petitions for writs of habeas corpus in the several courts of Minnesota in forma pauperis; that this entitles them, as a matter of right, to have their papers filed, and as the clerks and the several courts have erroneously refused to file their pleadings in forma pauperis, they are unable to proceed further, and thus have exhausted any and all state remedies.

"In this claim the appellants are mistaken as an action in forma

pauperis, or an appeal, is entirely statutory and is a privilege, not a right, and no requirement of due process is involved." Citing cases.

The Supreme Court of Minnesota, having refused to entertain the application for a writ of habeas corpus as an original suit, as there were no exceptional circumstances warranting the attention of the court, the proper process under Minnesota law was to file an application for such writ with filing fees in the District Court, and if the decision of that court was adverse to applicant, then to appeal to the Supreme Court of Minnesota. As this procedure has not been followed, the remedies of the State court have not been exhausted.

It has been suggested by the State in its brief interposed here by the Attorney General for the respondent that the petitioner has not exhausted his legal remedies in the State courts for the reasons already referred to, and in addition thereto for the further reason that the petitioner in the face of the refusal of the Clerk of District Court for Washington County, Minnesota, and of the Clerk of the Supreme Court of the State of Minnesota, that the petitioner could have applied for a writ of mandamus to the proper court and compelled performance with what he considered his rights to be, and that is that the doors of the courts of Minnesota be opened without the payment of any filing fee if as a pauper he is incapable of paying such fee. But, of course, it is at once obvious that he would also have to produce the fee in order to file an application for a writ of mandamus if such properly applied to a clerk, who is an administrative officer in the State of Minnesota.

 As already indicated, the Court of Appeals for the Eighth Circuit in the case of Willis v. Utecht have stated the law to the contrary and this Court, of course, is bound by the decision of the Eighth Circuit Court of Appeals in the Willis case. However, inasmuch as the matter has now been heard on the merits, that is all beside the point, and the important question is whether or not

the Petitioner has made out a case showing that he has been deprived of his rights under the Constitution of the United States as indicated in his petition. That has to do with due process and his right to liberty and his being deprived thereof, under the circumstances he has outlined in his petition.

He claims that—and I quote his particular points—

"1. The Petitioner alleges he is being unlawfully held, being denied all Civil Rights pursuant to a void judgment issued in Hennepin County of said State, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

"2. The Petitioner alleges said judgment is null and void, as the sentencing Court was without lawful jurisdiction of subject and subject matter.

"3. The Petitioner alleges all remedies have been exhausted in the State Courts, that no available process exists within the State Courts to have any relief granted, relative to the Petitioner's said allegations."

As Mr. Houston, counsel for respondent, has indicated, I am sure that the Attorney General's office will cooperate so as to open the doors of the State courts in future cases to individuals who sincerely express by affidavit that they are paupers and that they are without funds; that then the clerk of court will accept and file their petition for the issuance of a writ of habeas corpus, and if the clerk fails so to do, counsel is confident that upon application to the District Judges of the State courts, relief will be forthcoming. However, what the State courts may or may not do has nothing to do with the merits of the instant case.

I have given a great deal of thought as I have sat here today listening to the earnest story of the petitioner, reciting his facts and contention to the effect that his constitutional rights have been violated, and I am of the opinion that no violation of the due process clause of the Constitution of the United States has

occurred, nor can I find any occasion on the showing here made that there is merit to the contention of the petitioner that he should be relieved of the imprisonment that attaches to the sentence imposed by the State court and as indicated in Exhibit E, which has been offered and received in evidence. Everything seems to be regular in connection therewith and the Court is satisfied in its own mind that there hasn't been any violation of the Federal or State Constitutions.

For that reason, the petition of the petitioner must be denied and he is remanded to the custody of the respondent, the Warden of said Prison. Petitioner may have an exception to this ruling and he may understand that upon a proper showing that he is a pauper and incapable of producing filing fees, should he feel aggrieved on the holding of the Court in connection with his petition herein and relief he has prayed for, upon the proper application to this Court, he may be afforded such relief as may be of assistance to him in pursuing his course to the Court of Appeals for review. The order to show cause is discharged. It is so ordered.