### STATE ex rel. KOALSKA

v.

### SWENSON.

### Civ. No. 2574.

United States District Court,
D. Minnesota, Third Division.

July 20, 1954.

No appearance for petitioner.

Charles E. Houston and Lowell J. Grady, Asst. Attys. Gen., State of Minnesota, for respondent.

DONOVAN, District Judge.

This matter comes before the Court on an order to show cause why petitioner's application for a writ of habeas corpus should not be granted.

Petitioner claims denial of his civil rights and mistreatment. The petition herein for the issuance of writ of habeas corpus was filed in this court on June 8, 1954. Therein it was alleged that petitioner had exhausted all of his state remedies including "all the appellate remedies in state courts." Examination of the file and supporting papers therein discloses an order (with memorandum attached) of the Washington County District Court, State of Minnesota, dated May 28, 1954, denying relief and a further order of the same court, dated June 2, 1954, denying petition for rehearing. Significantly, however, insofar as the instant motion is concerned, the file and exhibits [1] fail to show any appeal there-

1. Subsequent to the original petition, and upon request of petitioner, petitioner was allowed to file with the court additional papers, exhibits and a memorandum of points and authorities in support of his

motion. Said material was received and filed in this court on June 30, 1954. A further affidavit of petitioner was filed therein on July 14, 1954. The court has duly considered all of the foregoing.

from to the Supreme Court of Minnesota. Apparently it is petitioner's contention that he has exhausted his remedies in the courts of the state in his unsuccessful attempt to review an earlier habeas corpus proceeding (based on proceedings in no manner connected with the instant motion) first in the State Supreme Court, Koalska v. Swenson, Minn., 62 N.W.2d 842, and later in the United States Supreme Court. Certiorari denied, Koalska v. Swenson, 346 U.S. 837, 74 S.Ct. 55.[2]

 In view of the foregoing state of facts, it is clear that petitioner has not submitted proof by petition or otherwise, to the effect that he has exhausted his remedies in the state courts. Of course, application for writ of habeas corpus attacking state court proceedings can be entertained by this court only after *all* remedies in the state courts and the United States Supreme Court by appeal or writ of certiorari have been resorted to and exhausted. Willis v. Utecht, 8 Cir., 185 F.2d 210.[3]

For the reasons stated, the petition must be denied and the order to show cause discharged, and it is so ordered.

Petitioner is allowed an exception.

A copy of this order shall be forwarded by the Clerk of this court to the Attorney General of the State of Minnesota, and to the petitioner at his address in the State Prison at Stillwater, Minnesota.

---

**2.** Petitioner claims he is unable to obtain relief in the courts of the State of Minnesota, citing therein the Washington County District Court order of May 28, 1954. This contention is unlike that advanced in Kubus v. Swenson, D.C.Minn., 120 F.Supp. 379.

**3.** Even were this court to entertain the motion on its merits, it would seem it would not be in a position to afford petitioner relief. It is noted that the Washington County District Court's findings, conclusions of law and order of October 26, 1953, determining adversely to petitioner all jurisdictional matters relating to imprisonment, shows petitioner was present in court and granted a full hearing on the basis of which that court rendered its decision. That a writ of habeas corpus may not be utilized for the purpose of correcting alleged ill-treatment by prison authorities when the prisoner is confined pursuant to a valid commitment is established by Williams v. Steele, 8 Cir., 194 F.2d 32, rehearing denied 194 F.2d 917, certiorari denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 35.