**STATE of MINNESOTA ex rel. Lewis PAYNE, Relator,**

v.

**Douglas C. RIGG, Warden, Respondent.**

**Civ. No. 5351.**

United States District Court
D. Minnesota, Fourth Division.

Feb. 10, 1956.

DEVITT, District Judge.

This matter comes before the Court on a petition for a writ of habeas corpus filed by the relator, an inmate of the Minnesota State Prison, on his own behalf.

Relator claims that he has been illegally confined at the State Prison since 1934, pursuant to a warrant of commitment issued by the District Court Clerk of Lake of the Woods County, Minnesota. He claims that he was tried and convicted of murder, but that his constitutional rights were deprived him when the presiding judge denied his request for a poll of the jury, pursuant to what is now M. S.A. § 631.16, following return of the guilty verdict. He also claims that two of the jurors who sat on the case did not vote for a verdict of guilty. With his petition are submitted photostatic copies of affidavits executed by Mrs. Eva Obernolte and Mrs. Lillian Hallberg, jurors, which state that they did not vote for the guilty verdict, and also state that this petitioner asked that the jury be polled and that the judge refused the request.

Petitioner claims that as a result his constitutional rights have been impaired in that he did not receive a fair trial, that the proceedings and the judgment of conviction resulting therefrom are illegal and void, and hence he is improperly restrained of his liberty.

The relator's petition also contains the following chronological history of his case:

"Sept. 3, 1934  Relator  arrested for the crime of murder.

"Nov. 18, 1934  Relator  tried  on charge  of  murder  in  above Fifteenth Judicial District Court of the State of Minnesota. Verdict of guilty returned.

"Nov. 19, 1934  Relator  sentenced to life imprisonment in the Minnesota State Prison.

"Nov. 6, 1953  Writ of habeas corpus to Nineteenth Judicial District Court denied.

"Sept. 12, 1954 Writ of habeas corpus to Nineteenth Judicial District Court denied.

"April 11, 1955 Appeal from above order denied by Minnesota Supreme Court."

On the basis of the facts contained in the petition, it is apparent that the relator is not entitled to the relief requested. The interrelation between the State and Federal courts in the matter of habeas corpus has been the subject of many opinions by the Federal courts, and of extensive effort on the part of the bench and bar to bring about an effective and consistent policy which will work substantial justice within the framework of our peculiar Federal-State relationship in the United States.

It is clear from the decisions that an application for a writ of habeas corpus attacking a State court judgment of conviction for a crime will be entertained by a Federal court only after all State court remedies available, including all appellate remedies in the State courts and in the Supreme Court of the United States by appeal or a writ of certiorari, have been exhausted. Willis v. Utecht, 8 Cir., 185 F.2d 210, certiorari denied 340 U.S. 915, 71 S.Ct. 286, 95 L.Ed. 651; Guy v. Utecht, 8 Cir., 144 F.2d 913; Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572; State ex rel. Koalska v. Swenson, D.C., 122 F.Supp. 228.

The relator here has not exhausted all of the remedies available to him as a condition precedent to seeking relief in the Federal courts. The chronological history does not relate that he has appealed to the. Supreme Court of the United States. Inquiry at the office of the Clerk of the Minnesota Supreme Court reflects that that office contains no record of an appeal from the order of the District Court of the Nineteenth Judicial District of Minnesota denying the petition for a writ of habeas corpus. It is apparent that before the jurisdiction of the Federal courts may be sought, petitioner must first seek final redress from the Supreme Court of Minnesota and from the Supreme Court of the United States.

The petition for a writ of habeas corpus is denied.[1]

1. It should probably be noted that petitioner seeks to impeach the jury verdict by affidavits of jurors. The Minnesota Supreme Court seems committed to the proposition that a verdict may not be impeached by such extraneous evidence. State v. Bresky, 1942, 213 Minn. 323, 6 N.W.2d 464; State v. Talcott, 178 Minn. 564, 227 N.W. 893. This is the general rule, but the New Jersey Supreme Court recently held otherwise with distinguishing observations. State v. Kociolek, Dec. 5, 1955, 20 N.J. 92, 118 A.2d 812.